# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WISCONSIN

---

SIERRA CLUB,

                Plaintiff,

      v.                                   Case No. 3:09-cv-00751

LISA JACKSON, in her
official capacity as Administrator,
United States Environmental
Protection Agency,

                Defendant.

---

## NOTICE OF MOTION AND MOTION TO INTERVENE BY
## WISCONSIN PUBLIC SERVICE CORPORATION

---

To:   Christa Westerberg
      David C Bender
      McGillivray, Westerberg and Bender, LLC
      305 S. Paterson Street
      Madison, WI 53703
      westerberg@mwbattorneys.com
      bender@mwbattorneys.com

Jered Joseph Lindsay
U.S. Department of Justice
P.O. Box 23986
PHB-Suite 8000
Washington, DC 20026-3986
jered.lindsay@usdoj.gov

Leslie K. Herje
U.S. Attorney's Office
P.O. Box 1585
Madison, WI 53701-1585
leslie.herje@usdoj.gov

# I.

## NOTICE OF MOTION

**PLEASE TAKE NOTICE** that proposed intervenor Wisconsin Public Service

Corporation ("WPSC") has moved as set forth below to intervene as a defendant in opposition to

Plaintiff's complaint pursuant to Rule 24(a) and (b) of the Federal Rules of Civil Procedure.

Any objection or other response to this motion should be filed and served in

accordance with the Federal Rules of Civil Procedure and the Local Rules of the United States

District Court for the Western District of Wisconsin.

# II.

## MOTION

Proposed intervenor WPSC, by its undersigned counsel, hereby moves to

intervene in this action pursuant to Rule 24(a) and (b) of the Federal Rules of Civil Procedure.

WPSC consulted with Plaintiff and the United States Environmental Protection Agency ("EPA")

prior to filing this motion.  Plaintiff does not oppose WPSC's motion for intervention, but takes

no position on any representations factual or otherwise made herein.  EPA takes no position on

the motion to intervene; however, it is EPA's position that should the Plaintiff prevail in this

matter, EPA should not be responsible for any attorneys' fees or costs incurred by Plaintiff which

are attributable to WSPC's participation in this matter.

Consistent with Rule 24(c), WPSC has attached its proposed Answer as Exhibit 1

to this motion.

## OVERVIEW

Granting this motion comports with the requirements of FRCP 24(a) and, in the alternative, 24(b).  WPSC owns and operates the J.P. Pulliam Generating Station ("Pulliam") that is governed by the Title V operating permit at issue (Permit No. 405031990-P20).  *See* Compl. ¶ 2. Permitting WPSC to intervene advances the interests of justice because it is the most efficient process by which to resolve the issues as to the EPA and WPSC.

## ARGUMENT

WPSC is a "public utility" within the meaning of Wis. Stat. § 196.01(5).  As such, WPSC owns and operates Pulliam, a coal-fired electric generating facility located in Green Bay, Wisconsin.  Pulliam has been operating for many years pursuant to Title V operating permits issued by the Wisconsin Department of Natural Resources ("WDNR"). As the permitee, WPSC is bound by the terms contained in the current Pulliam Title V operating permit, which is the subject of Plaintiff's complaint.  *See, e.g.*, Compl. ¶¶ 2, 6.  A decision in this matter will directly affect WPSC's rights as the owner of Pulliam and as the permitee.  Compl. ¶ 2.  Accordingly, WPSC should be permitted to intervene in this action pursuant to Rule 24(a) or, in the alternative, Rule 24(b), in order protect its rights.

**A.     WPSC IS ENTITLED TO INTERVENE AS A MATTER OF RIGHT PURSUANT TO RULE 24(a).**

1.     Federal Rule of Civil Procedure Rule 24(a) sets forth the requirements for intervention as a matter of right:

> On timely motion, the court must permit anyone to intervene who: (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's

3

MADI_2169334.1

ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a).

2.     Rule 24(a) authorizes intervention as a matter of right when (1) the motion is timely brought, (2) the intervenor has an interest relating to the subject of the pending action; (3) there is potential that the intervenor's interests will be impaired by disposition of the action in their absence; and (4) the intervenor's interests are not adequately represented by existing parties. *E.g., Sec. Ins. Co. v. Schipporeit, Inc*., 69 F.3d 1377, 1380 (7th Cir. 1995).  WPSC meets each of these elements.

3.     First, timeliness is not an issue here.  Courts consider four factors in determining whether a motion to intervene is timely:  (1) the length of time the intervenor knew or should have known of his interest in this case, (2) the prejudice to the original parties caused by the delay, (3) the resulting prejudice to the intervenor if the motion is denied, and (4) any unusual circumstances.  *South v. Rowe*, 759 F.2d 610, 612 (7th Cir. 1985).  WPSC is bringing its motion before any responsive pleadings have been filed in this case.  WPSC moved to intervene as quickly as it could retain counsel after learning of the new action and determining that its interests in the subject matter of this case might be impaired absent intervention, and since the proceeding is just underway, the existing parties will not be prejudiced.  *See Ruiz v. Estelle*, 161 F.3d 814, 828 (5th Cir. 1998) (noting that the issue is the prejudice, if any, "caused by the intervenors' <u>delay</u> – not by the intervention itself." (emphasis added)). The prejudice to WPSC if the motion is denied, however, is great, for it will be denied the opportunity to protect its interest in the permit at issue and as the owner of the electric generating facility at issue.

4

4.     Second, a party's interest is sufficient to justify intervention if it is "direct, significant, legally protectable."  *Sec. Ins. Co.*, 69 F.3d at 1380.  WPSC has such an interest because it holds the permit that is the subject of Plaintiff's complaint and the permit governs WPSC's operation of its Pulliam plant.  *See Reich v. ABC/York-Estes Corp.,* 64 F.3d 316, 322 (7th Cir. 1995) ("In ascertaining a potential intervenor's interest in a case, our cases focus on the issues to be resolved by the litigation and whether the potential intervenor has an interest in those issues.").  WPSC also has a direct, significant and legally protectable interest in ensuring that the EPA is given ample time to consider and decide the issues raised in Plaintiff's petition.

5.     Third, the resolution of this matter in WPSC's absence could impair WPSC's rights under its permit.  Plaintiffs' prayer for relief asks the Court to order EPA to grant or deny Plaintiff's petition by a date set by the Court.  Compl. at 6.  Plaintiff's petition asks the EPA to object on various grounds to WPSC's Title V operating permit, which governs WPSC's operation of Pulliam.  EPA's grant or denial of the petition could affect, among other things, the operational requirements at Pulliam.  Moreover, if EPA is forced to make a decision on the Plaintiffs' petition quicker than it would like, it could lead to errors in its decisions which could affect the Title V permit requirements imposed on WPSC's Pulliam plant.   WPSC therefore meets this requirement.  *San Juan County v. U.S.*, 420 F.3d 1197, 1210 (10th Cir. 2005) ("To satisfy this element of the intervention test, a would-be intervenor must show only that impairment of its substantial legal interest is possible if intervention is denied.  This burden is minimal.") (reversed on other grounds).

6.     Fourth, none of the current parties to this action adequately represent WPSC's interests.  The showing required to demonstrate inadequate representation "should be

5

treated as minimal." *Cf. Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972). Numerous courts have recognized that because government entities or agencies owe an equal duty to all individuals/businesses, they cannot adequately represent private interests. *See National Farm Lines v. Interstate Commerce Comm'n*, 564 F.2d 381 (10th Cir. 1977) (holding that a government agency cannot adequately represent private interests in litigation); *Planned Parenthood v. Citizens for Comm. Action*, 558 F.2d 861 (8th Cir. 1977) (same); *Nader v. Ray*, 363 F. Supp. 946 (D.D.C. 1973) (same). Here, EPA as a governmental entity cannot protect WPSC's interests, and in any event, no other existing party shares WPSC's interests in the permit as only WPSC is bound to comply with the permit's terms.

7.     Finally, WPSC's right to intervene is demonstrated by the fact that the Plaintiffs do not object to WPSC's intervention.

### B.     IN THE ALTERNATIVE, WPSC SHOULD BE PERMITTED TO INTERVENE PURSUANT TO RULE 24(b).

8.     Alternatively, WPSC should be permitted to intervene under Rule 24(b). Rule 24(b) provides for permissive intervention as long as a timely application is made and the movant "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b). As part of this determination, the courts will consider "whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." *Id.*

9.     As noted above, WPSC's motion to intervene is timely.

10.     There are questions of fact and law that are common to the defenses. Although their interests are distinguishable, WPSC will be defending the same permitting decisions as the defendant.

6

11.     No delay or prejudice to the existing parties will occur if WPSC is permitted to intervene.  WPSC essentially would be entering this action as if it initially were a party.  *See*, *e.g.*, *Bossier Parish Sch. Bd. v. Reno*, 157 F.R.D. 133, 135 (D.D.C. 1994) (finding that "because the proposed intervenors sought intervention early in this litigation…their intervention shall not cause any undue delay or prejudice to any other party").

WHEREFORE, for the reasons stated above, WPSC respectfully requests that its motion to intervene be granted and the attached Answer be accepted and docketed as WPSC's responsive pleading.

Dated February 2, 2010,

FOLEY & LARDNER LLP

By:  s/Tony H. McGrath
    Linda E. Benfield, WI Bar No. 1004937
    Tony H. McGrath, WI Bar No. 1042806

Linda E. Benfield
FOLEY & LARDNER LLP
777 East Wisconsin Avenue
Milwaukee, WI 53202-5306
414.271.2400 Telephone
414.297.4900  Facsimile
Email:lbenfield@foley.com

Tony H. McGrath
FOLEY & LARDNER LLP
150 East Gilman Street
Madison WI  53703-1481
608.257-5035  Telephone
608.258-4258  Facsimile
Email: tmcgrath@foley.com

7