IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SIERRA CLUB,

                                                                              ORDER

                      Plaintiff,

                                                                     09-cv-751-slc[1]

      v.

LISA JACKSON, in her official capacity as Administrator,
United States Environmental Protection Agency,

                    Defendant,

and

WISCONSIN PUBLIC SERVICE CORPORATION,

                    Intervenor Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       This is a civil action for declaratory and injunctive relief under the citizen suit provision of the Clean Air Act, 42 U.S.C. § 7604(a)(2). Plaintiff Sierra Club seeks an order requiring defendant Lisa Jackson to grant or deny plaintiff's petition to object to the proposed Clean Air Act Title V operating permit for Wisconsin Public Service Corporation's

---

[1] While this court has a judicial vacancy, it is assigning 50% of its caseload automatically to Magistrate Judge Stephen Crocker. At this early stage, the parties have not consented yet to the magistrate judge's jurisdiction. For the purpose of issuing this order, I am assuming jurisdiction over the case.

J.P Pulliam Generating Station in Green Bay, Wisconsin. Now before the court is an unopposed motion to intervene under Fed. R. Civ. P. 24 filed by Wisconsin Public Service Corporation, dkt. #8, and an unopposed motion to stay the case filed by defendant Lisa Jackson. Dkt. #9. I will grant both motions.

As to the motion to intervene, Rule 24(a)(2) requires a court to permit intervention for a proposed intervenor who "claims an interest relating to the property or transaction that is the subject of the action" and who is "so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." As the holder of the Clean Air Act permit at issue, the proposed intervenor Wisconsin Public Service Corporation has an interest in this case. The proposed intervenor's ability to protect that interest may be impaired through resolution of this case because defendant Lisa Jackson's decision to grant or deny plaintiff's petition to object to the permit could affect the operational requirements under the permit. Also, the current parties to the case do not represent the intervenor's interests.

Plaintiff objects to the proposed intervenor's current operations and defendant Lisa Jackson represents a government agency charged with enforcing the Clean Air Act, not with protecting the proposed intervenor's interests. <u>Ligas ex rel. Foster v. Maram</u>, 478 F.3d 771, 774 (7th Cir. 2007) (it may be presumed that governmental body will adequately represent proposed intervenors if governmental body is "charged by law with protecting the interests

2

of the proposed intervenors"). In sum, because this motion is unopposed and because the proposed intervenor meets the requirements to intervene under Rule 24(a)(2), I will grant the motion to intervene. The intervenor has filed an answer as an attachment to its motion to intervene that should be refiled as a separate docket entry.

As to the motion to stay, defendant Lisa Jackson requests that the court stay proceedings in this case, including defendant's obligation to file a response to the complaint, until April 16, 2010. Defendant states that the parties, including the intervenor, are attempting to resolve their disputes without further litigation and need additional time to complete settlement discussions. Other than the deadline for defendant's answer and the pretrial conference scheduled for February 19, 2010, there are no deadlines that will be disturbed by this stay. Also, the stay may result in a settlement or consent decree that would resolve the parties' disputes. Therefore, I will grant this motion because it is unopposed and is supported by considerations of judicial economy. The pretrial conference scheduled for February 19, 2010 is vacated and the new deadline for defendant to file a response to the complaint will be April 16, 2010.

ORDER

IT IS ORDERED that

1. The motion to intervene, dkt. #8, filed by Wisconsin Public Service Corporation

3

is GRANTED.

2. The motion to stay, dkt. #9, filed by defendant Lisa Jackson is GRANTED. Defendant's answer is due by April 16, 2010 and the pretrial conference scheduled for February 19, 2010 is vacated.

Entered this 11th day of February, 2010.

                                      BY THE COURT:
                                      /s/
                                      BARBARA B. CRABB
                                      District Judge